## LEON VANCE v. THE STATE.

### No. 4165.   Decided October 18, 1916.

**1.—Occupation—Selling Intoxicating Liquors—Indictment—Joint Sale.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the indictment, among other things, alleged that the defendant did then and there sell to Joe Hall, Jeff Howard, Roe Bilton, and Jim Brown intoxicating liquors, etc., this was not an allegation of a joint sale to the persons named and that sales were not made to each of them, and the indictment was sufficient.  Davidson, Judge, dissenting.

**2.—Same—Evidence—Persons to Whom Sale Was Made—Other Transactions.**

Where defendant was prosecuted for pursuing the occupation of selling intoxicating liquors in prohibition territory, there was no error in permitting persons who were not named in the indictment to testify that they purchased whisky from the defendant.·

**3.—Same—Evidence—Orders of Commissioners Court.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in permitting the State to introduce in evidence the orders of the Commissioners Court, ordering the election, declaring the result and the certificate of the county judge, showing that publication had been made, although all of this was not necessary, as only such orders as evidenced that prohibition had been legally adopted were required to be introduced in evidence, and there was no variance between the proof and the allegation in the indictment, which alleged that the Commissioners Court ordered the publication, etc., of the result of the election.  Davidson, Judge, dissenting.

**4.—Same—Charge of Court—Two Separate Sales.**

Where the court instructed the jury that they must find that defendant unlawfully engaged in and pursued the occupation of selling intoxicating liquors, etc., that he made at least two different and separate sales of intoxicating liquors to persons named in the indictment before they could convict him, the same was sufficient.

Appeal from the District Court of Bell.  Tried below before the Hon. F. M. Spann.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The indictment was objected to, among other things, in that it failed to allege that the result of the election and the order putting prohibition in effect in the county of the prosecution was published by the county judge as required by law, and that it alleged a joint sale, etc.

*Ward & Evetts,* for appellant.—On question that indictment failed to allege that the publication of the local election was made by the county judge:  Smitham v. State, 53 Texas Crim. Rep., 173, 108 S. W. Rep., 1183.

On question that indictment failed to allege separate sales, but alleged joint sale:  Mollenkopf v. State, 68 Texas Crim. Rep., 598, 151 S. W. Rep., 799; Oliver v. State, 69 Texas Crim. Rep., 263, 152 S. W. Rep., 1066; Bird v. State, 70 Texas Crim. Rep., 515, 157 S. W. Rep., 479.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of pursuing the occupation of selling intoxicating liquors in prohibition territory and his punishment assessed at two years confinement in the State penitentiary.

The same question is presented in a motion to quash the indictment as was presented in the case of Cleveland v. State, recently decided. For the reasons stated in that opinion the court did not err in overruling the motion.

The indictment in this case, after alleging that appellant unlawfully engaged in and pursued the occupation of selling intoxicating liquors, alleges that he "did then and there sell to Joe Hall, Jeff Howard, Roe Bilton, and Jim Brown intoxicating liquors." Appellant in a motion to quash the indictment and by objecting to Jeff Howard, Roe Bilton and Joe Hall being permitted to testify that they and each of them purchased from appellant intoxicating liquors on various occasions, contends that the indictment alleges a sale jointly to the persons named and not that sales were made to each of them. We do not think the language used is subject to the construction sought to be placed thereon by appellant but that it alleges a sale made to each of the persons named.

Appellant also objected to persons not named in the indictment being permitted to testify that they purchased whisky from appellant. As appellant was prosecuted for pursuing the occupation of selling intoxicating liquors, any testimony which went legitimately to prove that issue was properly admitted. Of course, in addition to proving that he pursued the occupation, the State had to prove that he made at least two sales to persons named in the indictment. and the court so instructed the jury.

There was no error in permitting the State to introduce in evidence the orders of the Commissioners Court ordering the election and declaring the result, and the certificate of the county judge showing that publication had been made. It was not necessary to introduce all of these orders, but there was no impropriety in doing so. Only such orders as evidenced that prohibition had been legally adopted were required to be introduced, but that the State went further and showed that each step was legally and properly taken in the premises would present no error. Nor did they present any variance as to the necessary allegations in the indictment.

The charge instructed the jury that they must find that appellant unlawfully engaged in and pursued the occupation of selling intoxicating liquors and that he made at least "two different and separate sales of intoxicating liquors" to persons named in the indictment before they would be authorized to convict. It is not subject to the criticism contained in appellant's bill of exceptions.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—See Clark Cleveland v. State, decided at this term of court.